UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Zion Alexander,

                              Petitioner,                    **MEMORANDUM & ORDER**
                                                              25-CV-00624 (DG)

              -against-

Warden of NYC, *et al.*,

                              Respondents.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

        By Petition filed on January 18, 2025, *pro se* Petitioner Zion Alexander, incarcerated at

the George R. Vierno Center ("GRVC") in East Elmhurst, New York, commenced this action

pursuant to 28 U.S.C. § 2241, challenging his pretrial detention.  *See generally* Petition ("Pet."),

ECF No. 1.[1]  Petitioner requests leave to proceed *in forma pauperis*.  *See* ECF No. 2.  The Court

liberally construes Petitioner's filings in light of Petitioner's *pro se* status.  *See Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007).

        The Court grants Petitioner's request for leave to proceed *in forma pauperis* and, for the

reasons set forth below, dismisses the Petition without prejudice.

## BACKGROUND

        As relevant here, the Petition reflects, *inter alia*: (1) that Petitioner is challenging his

---

[1] Under the "prison mailbox rule," the operative filing date is the date on which the Petition was
delivered to prison officials for forwarding to the Court.  *See Noble v. Kelly*, 246 F.3d 93, 97-
98 (2d Cir. 2001).  Petitioner declares that he placed the Petition in the prison mail system on
January 18, 2025.  *See* Pet. at 10.

When citing to the Petition, the Court refers to the page numbers generated by the Court's
electronic case filing system ("ECF").  For ease of readability, when quoting from the Petition,
the Court has not in all instances retained the Petition's original capitalization, punctuation,
and/or spelling.  Alterations are not material.

pretrial detention by way of the instant Petition; (2) that in addition to filing the instant Petition in this Court, Petitioner filed a habeas petition in state court challenging his pretrial detention; (3) that the state petition was pending at the time the instant Petition was filed; (4) that Petitioner filed a § 210.20 motion in state court; and (5) that the § 210.20 motion was pending at the time the instant Petition was filed.  *See generally* Pet.

In the Petition, Petitioner principally alleges: (1) that the grand jury returned an "invalid, fraudulent" Indictment; and (2) that Petitioner's remand resulted in "unusual cruel punishment which theoretically violated the Fifth Amendment."  *See* Pet. at 8.  Petitioner seeks, *inter alia*, "R.O.R."  *See* Pet. at 9.

## DISCUSSION

Pursuant to 28 U.S.C. § 2243, a district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *See* 28 U.S.C. § 2243.

As relevant here, pursuant to 28 U.S.C. § 2241 ("Section 2241"), a writ of habeas corpus may be granted by a district court where a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  Courts have held that a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law may seek relief under Section 2241.  *See Bay v. People of Supreme Ct.*, No. 23-CV-03199, 2023 WL 5111386, at *1 (S.D.N.Y. July 5, 2023) (collecting cases).

"While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."  *United States ex rel.*

*Scranton v. State of N.Y.*, 532 F.2d 292, 294 (2d Cir. 1976); *see also Jordan v. Bailey*, 985 F. Supp. 2d 431, 436 (S.D.N.Y. 2013) (discussing exhaustion requirement and collecting cases), *aff'd*, 570 F. App'x 42 (2d Cir. 2014); *Nazer v. Warden at Rikers Island*, No. 24-CV-05226, 2024 WL 4109081, at *3 (S.D.N.Y. Aug. 26, 2024) (stating that "[b]efore seeking Section 2241 federal *habeas corpus* relief, a state pretrial detainee must first exhaust his available state court remedies"); *Milchamot v. Chief Bronx Dist. Att'y*, No. 25-CV-01157, 2025 WL 965860, at *2 (S.D.N.Y. Mar. 31, 2025); *Dawson v. Toulon*, No. 22-CV-06341, 2022 WL 17177839, at *2 (E.D.N.Y. Nov. 22, 2022).  To exhaust state remedies, a petitioner must "fairly present his constitutional claim to the state courts, which he accomplishes by presenting the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it."  *See Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014) (quotations omitted); *see also Dawson*, 2022 WL 17177839, at *2.  "In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court."  *Nazer*, 2024 WL 4109081, at *3; *Bay*, 2023 WL 5111386, at *2; *see also Jordan*, 985 F. Supp. 2d at 437 (stating that a petitioner "must utilize every avenue of state court review" and that "[o]nly when a criminal defendant has no further state alternatives may she seek relief by way of a federal habeas petition").

Here, Petitioner is not entitled to relief under Section 2241.  Petitioner has not demonstrated that he has exhausted his state remedies.  *See Jackson*, 763 F.3d at 133; *see also Dawson*, 2022 WL 17177839, at *2.  As noted above, the Petition reflects that Petitioner filed a habeas petition in state court challenging his pretrial detention and that the state petition was pending at the time the instant Petition was filed.  The Petition does not reflect that Petitioner has

sought relief "all the way up to the New York Court of Appeals," *see Nazer*, 2024 WL 4109081, at *3; *Bay*, 2023 WL 5111386, at *2, and does not reflect that Petitioner has "no further state alternatives," *see Jordan*, 985 F. Supp. 2d at 437. In addition, Petitioner has not "allege[d] facts suggesting that exhaustion should be excused." *See Nazer*, 2024 WL 4109081, at *3; *see also Dawson*, 2022 WL 17177839, at *2 n.4 (discussing circumstances in which failure to exhaust may be excused and concluding that petitioner had not established a basis to excuse exhaustion); *Jordan*, 985 F. Supp. 2d at 437 (discussing "doctrine of futility" and concluding that such doctrine did not excuse petitioner from complying with exhaustion requirement).

The Petition is dismissed without prejudice for failure to exhaust.

## CONCLUSION

For the reasons set forth above, the Petition, ECF No. 1, is dismissed without prejudice.

The Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). Petitioner, however, has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Petitioner.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: May 5, 2025
Brooklyn, New York